DAVID H. CANTER, State Bar No. 035863
dcanter@hfdclaw.com
MICHAEL E. JENKINS, State Bar No. 245116
mjenkins@hfdclaw.com
JULIA GOWER, State Bar No. 258975
jgower@hfdclaw.com
HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222; Facsimile (213) 622-4321

Attorneys for Defendant
NAVISTAR, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, as SUBROGEE OF MOVIN HAY, INC., <br><br> Plaintiff <br><br> vs. <br><br> NAVISTAR, INC., OSRAM SYLVANIA, INC. AND DOES 1 to 30, inclusive, <br><br> Defendants. | No. 2:14-cv-01940-KJM-DAD <br><br> **STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND PROTECTIVE ORDER** |

## STIPULATION FOR ENTRY OF PROTECTIVE ORDER

Defendant Navistar, Inc., through its attorneys of record Harrington, Foxx, Dubrow & Canter, LLP and Plaintiff Great West Casualty Company, as Subrogee of Movin Hay, Inc., through its attorneys of record Ward & Federman, hereby Stipulate and Agree to the following:

1) If any party to this lawsuit believes that any documents it discloses or produces during discovery are confidential, that party shall designate such documents by marking them with an overlay that indicates the confidential nature of the documents prior to the time of production. The Parties shall identify confidential documents subject to this Protective Order by marking each page at the bottom middle of each page with the

following language: **"CONFIDENTIAL SUBJECT TO COURT ORDER"** or **"CONFIDENTIAL".**

2) Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Stipulation and Protective Order.

3) If a party disputes the confidential designation of any document, counsel for that party shall notify counsel for the designating party of such objection in writing, and the designating party shall file a Motion for Protective Order with respect to the challenged documents within 30 days of receipt of such written notice (this period can be extended by the agreement of the Parties). If the designating party does not file such a motion within the 30-day period (or other agreed upon period), the documents whose confidential designation are disputed shall be deemed to not be confidential by agreement of the Parties. If a Motion for Protective Order is filed within the 30-day period (or other agreed upon period), the disputed documents and information shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

4) If a party determines that it is reasonably necessary in conjunction with the prosecution or defense of claims in this case to include confidential documents, or the information contained therein, or make references thereto in papers filed with this Court or in any presentation to or before the Court, such shall be done in compliance with Judge Mueller's Standing Order, which, in part, provides: "The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court." (*Standing Order*, p. 6, ¶10.) The disputed documents and information shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

5)   Confidential documents may be used in deposition, but shall remain subject to the Protective Order. If a confidential document is read into the transcript, or if a party believes that the nature or content of a confidential document is being revealed in a deposition, the party may designate the pertinent portion of the transcript as confidential and subject to this Protective Order. If the Parties cannot agree on whether any portion of the designated transcript should be deemed confidential, the party claiming that the transcript should be confidential shall move for a protective order asking that the disputed portions thereof be deemed confidential, this disputed transcript shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

6)   Except as otherwise provided herein, all documents and the information contained therein that are designated as confidential may only be disclosed by Parties and the Parties' counsel of record in this case to clients, attorneys, clerks, paralegals and secretaries in the regular employment of the Parties' counsel, and to independent experts and consultants who are employed by a party and contemplated by Rule 26 (b)(4) of the Federal Rules of Civil Procedures. Said confidential documents and information shall be used only for the purpose of litigating the claims in this action and in no event shall be used for any other purpose.

7)   Prior to disclosing confidential documents or the information contained therein to any experts or consultants pursuant to Paragraph "6" hereof, counsel for the party shall first give a copy of this Protective Order to such person(s), and receive from such person(s) an executed Confidentiality Agreement.  The required Confidentiality Agreement is attached hereto and incorporated herein as Exhibit "A".

8)   Upon final termination of this action, including any appeals, all documents designated as confidential, and all copies, abstracts or summaries thereof, shall be returned to counsel for the designating party or destroyed. If destroyed, the party destroying such documents shall certify in writing to counsel for the designating party that all confidential documents produced by the designating party, and all copies thereof, have been destroyed. The foregoing shall not preclude a party's counsel from retaining his own

or her own work product and shall be used only for internal purpose by that attorney or by clerks, paralegals and secretaries in the regular employment of the party's counsel, and shall not be shared or disclosed to anyone other than these individuals. Additionally, the foregoing shall not preclude a party's counsel from retaining his or her own complete closed file for tax or professional liability purposes; however, if such file contains any documents or information designated as Confidential pursuant to this Stipulation and Protective Order, then the complete file shall be marked and treated as Confidential.

9) The terms of this Protective Order shall survive the final termination of this action, shall continue to bind the Parties and their counsel, and the Court shall retain jurisdiction to enforce this Protective Order.

10) Either party may seek to have the Court modify or terminate this Protective Order at any time either party deems appropriate.

Dated: January 6, 2015          HARRINGTON, FOXX, DUBROW & CANTER, LLP


By: /s/ David H. Canter
    DAVID H. CANTER
    Attorneys for Defendant
    NAVISTAR, INC.

Dated: January 6, 2015          WARD & FEDERMAN


By: /s/ Marc R. Ward
    MARC R. WARD
    Attorneys for Plaintiff,
    GREAT WEST CASUALTY COMPANY

## ORDER

Pursuant to the parties' stipulation, **IT IS SO ORDERED.**

Dated:  January 6, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\greatwest1940.stip.prot.ord.docx

## EXHIBIT "A"

## CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I, _____[NAME], _____[POSITION AND EMPLOYER],  am about to receive Confidential materials supplied in connection with the Proceeding entitled Great West Casualty Company v. Navistar, Inc., et al., Case No. 2:14-CV-01940 (hereinafter "Proceeding").

I certify that I understand that the Confidential materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order in this Proceeding.  I have been given a copy of the Stipulation and Protective Order, which I have read and agree to be bound by the terms of the Stipulation and Protective Order.

I understand that Confidential materials, including any notes or other records that may be made regarding any such materials shall not be disclosed to anyone except as expressly permitted by the Stipulation and Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential materials obtained pursuant to

my involvement in this Proceeding, except as provided in the Stipulation and Protective Order or as otherwise ordered by the Court in this Proceeding.

I further understand that I am to retain all copies of all Confidential materials provided to me in this Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel for the designating party, destroyed, or otherwise retained, in accordance with the Stipulation and Protective Order.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct.

Executed this _____ day of _____, 20____, at _____ (city and state).

DATED:

_____
SIGNATURE

_____
TITLE

_____
ADDRESS

_____
PHONE NUMBER

_____
EMAIL ADDRESS